**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                    No. 01-4774

RUSSELL TODD WILT, a/k/a Rusty,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
W. Craig Broadwater, District Judge.
(CR-00-57)

Submitted: May 29, 2002

Decided: June 27, 2002

Before WILKINS and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Patricia A. Kurelac, Moundsville, West Virginia, for Appellant. Thomas E. Johnston, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Russell Todd Wilt appeals the 171-month sentence imposed following his guilty plea to one count of a multi-count indictment charging him with distribution of crack cocaine within 1000 feet of a school in violation of 21 U.S.C.A. §§ 841(a) & 860 (West 1999 & Supp. 2001). Wilt was indicted as a result of a controlled buy of crack cocaine at his residence within 1000 feet of an elementary school. Wilt's sole claim on appeal is that his counsel failed to provide constitutionally adequate assistance. *See Strickland v. Washington*, 466 U.S. 668, 688 (1984). Claims of ineffective assistance of counsel are generally not cognizable on appeal. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). Such claims must ordinarily be pursued in a 28 U.S.C.A. § 2255 (West Supp. 2001) motion to allow for adequate development of the record. *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994).

An exception to this general rule applies when the record on direct appeal conclusively establishes that the defendant did not receive constitutionally sufficient assistance of counsel. *King*, 119 F.3d at 295. Our review of the record reveals no error of this magnitude. In accepting Wilt's guilty plea, the district court queried Wilt about counsel's performance and he indicated that he was satisfied. Those statements, coming under oath as they did, are binding absent strong evidence to the contrary. *See Blackledge v. Allison*, 431 U.S. 63, 74-75 (1977). Wilt's unsupported allegations that counsel spent less than one hour consulting with him prior to entering the guilty plea do not conclusively establish counsel's deficiency. *King*, 119 F.3d at 295. As a result, we are constrained to conclude that Wilt's claim is not cognizable in this direct appeal.

Accordingly, Wilt's conviction is hereby affirmed. We dispense with oral argument because the facts and legal contentions are ade-

quately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*